# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | | |
|---|---|---|
| CHARLES ELLIS SHIRLEY, | ) | Cause No. CV 07-97-BLG-RFC-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF UNITED STATES MAGISTRATE |
| SHERIFF'S DEPARTMENT DAWSON | ) | JUDGE TO DISMISS COMPLAINT |
| COUNTY, GLENDIVE, MONTANA, | ) | |
| | ) | |
| Defendants. | ) | |

## I. STATEMENT OF THE CASE

### A. Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional right to access the courts. Accordingly, the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### B. Parties

Plaintiff is a Texas state prisoner who was incarcerated at the Dawson County

Correction Center at all times relevant to the allegations contained in his Complaint. He is currently incarcerated at the Beaumont Center in Beaumont, Texas. Plaintiff was granted leave to proceed in forma pauperis on July 25, 2007. (Court's Doc. No. 8).

The named Defendant is the Sheriff's Department for Dawson County, Glendive, Montana.

### C.  Plaintiff's Allegations

On October 10, 2006, Plaintiff was arrested in Glendive, Dawson County, Montana on a writ issued out of Smith County in Tyler, Texas. Plaintiff made an initial appearance in the District Court, in the Montana Seventh Judicial District Court before the Honorable Kerry L. Burman, City Judge. Plaintiff's bond was set at $65,000.00. The Court appointed Jerry D. Cook, attorney at law, to represent Plaintiff in the extradition matter. Mr. Cook came to see Plaintiff at the Dawson County Jail and Plaintiff informed him that the Sheriff's Department was denying Plaintiff access to the law library.

On October 17, 2006, Plaintiff and counsel appeared in the Montana Seventh Judicial District Court for an extradition hearing. At that hearing, Plaintiff executed a Waiver of Extradition and Consent to Return to the State of Texas. Although Plaintiff's counsel asked the Court to sign an order allowing Plaintiff to use the law library at the jail, the transcript attached to Plaintiff's Complaint does not indicate that the Court responded to Plaintiff's request. It appears from that transcript that the state court simply ignored the request.

## II. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, which impose a screening responsibility on the district court. Section 1915A reads in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550

U.S. \_\_\_\_, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 550 U.S. \_\_\_\_, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

    **B.**    **Denial of Access to the Courts**

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right, however, "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Lewis, 518 U.S. at 356-57.

The United States Supreme Court has ruled that the scope of the right of access to the courts is limited. Prisoners need only have "the minimal help necessary" to file legal claims. Lewis, 518 U.S. at 360. The Constitution does not mandate "that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts." Id.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349. An "actual injury" is an "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Lewis, 518 U.S. at 348.

Plaintiff alleges that he may not have been convicted in Texas if he had had access to the courts in Dawson County.  In this respect, Plaintiff's claim is without merit.  The Supreme Court provides that prison inmates have a constitutional right of access to the courts that "requires prison authorities to assist inmates . . . by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828, 97 S.Ct. at 1498 (emphasis added); see also Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 854 (9th Cir. 1985).  Plaintiff admitted in his Complaint that he was represented by counsel during his detention at the Dawson County Jail.  Hence, the Jail's duty to provide him with meaningful access to the courts was satisfied.  Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## III. CONCLUSION

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court designates this case as a "strike" under this provision because Plaintiff's allegations fail to state a claim.  For this same reason, the Court will certify that any appeal of this matter would not be taken in good faith.  That is, the issues raised in this matter are frivolous.

Based upon the foregoing, the Court makes the following:

### RECOMMENDATION

FINDINGS AN D RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT -CV-07-097-BLG-RFC-CSO / PAGE 6

1. Plaintiff's Complaint (Court's Doc. No. 2) should be **DISMISSED.**

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Plaintiff's claims are so frivolous that no reasonable person could suppose that an appeal would have merit.

4. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Thereafter, a district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole

or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 5th day of June, 2008.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge