IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.
2008 JUL 7 AM 11 38
PATRICK E. DUFFY
BY _____
DEPUTY CLERK

| | |
|---|---|
| CHARLES ELLIS SHIRLEY, ) | CV-07-97-BLG-RFC |
| Plaintiff, ) | |
| vs. ) | |
| ) | ORDER |
| SHERIFF'S DEPARTMENT, DAWSON ) | |
| COUNTY, GLENDIVE, MONTANA, ) | |
| Defendant. ) | |

On June 5, 2008, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation in this 42 U.S.C. § 1983 action. Plaintiffs alleges that Dawson County Montana violated his constitutional right to access to the courts by failing to provide him access to a law library. Magistrate Judge Ostby recommends the Court dismiss Plaintiffs' Complaint (*Doc. 2*) because it fails to state a claim upon which relief may be granted. Judge Ostby further recommends that the filing of this action count as one strike pursuant to 28 U.S.C. § 1915(g) and that this Court certify that any appeal would be taken in bad faith.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). However, in prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility. Because neither party objected to the Findings and Recommendations, this Court may assume the correctness of Magistrate Judge Ostby's findings of fact and decide the motion with a de novo review of the

1

applicable law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) (*overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir.1996)).

Here, Magistrate Judge Ostby correctly concluded that Plaintiff was not prejudiced by the failure to have access to a law library because he was provided with a lawyer. *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (concluding that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law).

Further, dismissal is also required by Plaintiffs' failure to notify the Court of his current address. Local Rule of Procedure 5.4(a) requires pro se litigants to "promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." Local Rule 5.4(b) provides the Court may dismiss complaints without prejudice when mail directed to a pro se party is returned to the Court as not deliverable. Here, the June 5, 2008 Findings and Recommendations was sent to Plaintiffs address of record but was returned undeliverable on June 16, 2008. *Doc. 13*.

After a de novo review of the law, it is clear Magistrate Judge Ostby's Findings and Recommendation (*Doc. 12*) are well-grounded in law and fact and are adopted in their entirety.

Accordingly **IT IS HEREBY ORDERED** that Plaintiff's Complaint (*Doc. #2*) is **DISMISSED.**

**IT IS FURTHER ORDERED** that the filing of this action counts as one strike against Plaintiff pursuant to 28 U.S.C. § 1915(g) and that any appeal of this order should be taken in bad faith pursuant to Fed.R.App.P. 24(3)(A).

2

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this ~~3rd~~ 7 day of ~~June~~ July, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE